IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| The Honorable WILLIAM M. O'NEILL, ) | |
| ) | Case No. 1:04-CV-1612 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Ann Aldrich |
| ) | |
| JONATHAN E. COUGHLAN, ) | Magistrate Judge Patricia A. Hemann |
| ) | |
| Defendant. ) | |
| ) | MEMORANDUM AND ORDER |
| ) | |
| ) | |

Ohio Court of Appeals Judge William O'Neill ("O'Neill") was a candidate for a seat on the Ohio Supreme Court in the November 2004 election. O'Neill's campaign literature, advertising and website identified him as a judge on the Court of Appeals for the Eleventh District and identified him as a Democrat. Those materials also advanced the theme "Money and Judges Don't Mix" in connection with his call for judicial campaign finance reform and his policy of declining donations over $10. *See* Compl. ¶¶ 1-3 and 6-7. In his complaint, O'Neill contended that three canons of the Ohio Code of Judicial Conduct ("the Code") violated the federal constitutional free speech rights of state judicial candidates, namely Canon 7(B)(1), Canon 7(B)(3)(b) and Canon 7(D)(2).[1]

---

[1] Canon 7(B)(1) requires judges and judicial candidates to "maintain the dignity appropriate to judicial office." O'Neill challenges the enforcement of this canon with regard to his campaign materials' arguable insinuation that Ohio Supreme Court seats are "for sale" to campaign donors. See Compl. ¶ 15.

Canon 7(B)(3)(b) provides that "[a]fter the day of the primary election, a judicial candidate shall not identify himself or herself in advertising as a member of or affiliated with a political party." See Compl. ¶¶ 11-14.

Accordingly, O'Neill applied for temporary, preliminary and permanent injunctive relief from the enforcement of these canons. He contended that on their face and as applied, they violate judicial candidates' First Amendment right to freedom of speech and expression. He also contended that they both compel and restrict protected speech on matters of public importance without furthering any legitimate, let alone compelling, governmental interest.

After hearing oral argument, the court rejected the State of Ohio's argument that the case was not ripe for decision, and issued a temporary restraining order ("TRO") running through August 30, 2004. On O'Neill's motion, the court extended the TRO through September 14, 2004. On that date, after considering additional briefs from both sides, the court issued a preliminary injunction ("PI"). The court determined that O'Neill was very likely to show that Canons 7(B)(3)(b) and 7(D)(2) violate the First Amendment, both facially and as applied to him.

The court further determined that O'Neill was very likely to show that the enforcement of Canon 7(B)(1) was unconstitutional *as applied to him*. The heading of that portion of the court's opinion noted that there was no need to decide whether Canon 7(B)(1) might also be facially unconstitutional more generally.

The court relies on this passage from section V.G of its PI opinion:

> Like the TRO, the preliminary injunction applies to all three of the challenged canons. Because Canon 7(B)(3)(b) or Canon 7(D)(2) probably *facially* violate the First Amendment, the preliminary injunction bars the defendant from enforcing, threatening to enforce, or investigating any alleged violations of those two canons.

---

Canon 7(D)(2) states that judicial campaign materials and ads may not "[u]se the term 'judge' when a judge is a candidate for another judicial office and does not indicate the court on which the judge currently serves." See Compl. ¶ 17.

-2-

> However, *the preliminary injunction is narrower as to Canon 7(B)(1), the one which requires judicial candidates to "maintain the dignity appropriate to judicial office."* As our Circuit has cautioned, "Injunctive relief involving matters subject to state regulation may be no broader than necessary to remedy the constitutional violation." *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1069 (6th Cir. 1998) (citing *Knop v. Johnson*, 977 F.2d 996, 1008 (6th Cir. 1992), *cert. denied*, 507 U.S. 73 (1993)). Mindful of this principle, *the preliminary injunction does not completely bar the defendant from enforcing Canon 7(B)(1) against O'Neill or others.*
>
> *Rather, it bars the defendant only from sanctioning, threatening to sanction, investigating or threatening to investigate O'Neill for nondefamatory, nonobscene speech*, e.g. O'Neill's statements and implications that "money and judges don't mix," that it is necessary to reform state judicial campaign finance laws, that the current system makes the public suspicious that the courts are for sale, etc. Today's opinion does not intimate that the Constitution prohibits the enforcement of judicial conduct rules regarding obscene or defamatory speech.
>
> The preliminary injunction also does not apply to enforcement or threatened enforcement of Canon 7(B)(1) for *non-speech conduct* by O'Neill or others. The First Amendment may or may not permit the state to discipline judicial candidates for *conduct* that the state finds inconsistent with "the dignity appropriate to judicial office" – and this court need not address that issue in this case.

Mem. Op. & Order, Sept. 14, 2004, at 16-17 (emphasis added) [Docket No. 14].

The court adds only the following clarification and modification. As to Canon 7(B)(1), the court's prior order enjoins the defendant and the others described in that order from sanctioning, threatening to sanction, investigating or threatening to investigate any judicial candidate, not just O'Neill, for nondefamatory, nonobscene speech. Conversely, the prior order does not enjoin the defendant or anyone else from sanctioning, threatening to sanction, investigating or threatening to investigate any judicial candidate for defamatory speech, obscene speech, or non-speech conduct.

**ORDER**

The preliminary injunction shall remain in force until further notice.

The defendant's motion to clarify and to set deadlines for additional evidence and briefing [Docket No. 15] is granted.

The court directs the parties' attention to this portion of its preliminary injunction order:

> The defendant and any of his officers, agents, servants, employees, and attorneys, and anyone in concert or participation with them who receive actual notice of this order (by personal service or otherwise) are enjoined from enforcing, threatening to enforce, or recommending enforcement of Canon 7(B)(1) of the Ohio Code of Judicial Conduct based on nonobscene, nondefamatory speech, and from investigating, threatening to investigate, or recommending investigation of possible violations thereof based on nonobscene, nondefamatory speech.
>
> This order shall not be construed to enjoin any person from enforcing, threatening to enforce, or recommending enforcement of Canon 7(B)(1) of the Ohio Code of Judicial Conduct based on *nonexpressive conduct*, i.e. conduct that is not speech.  Nor shall this order be construed to enjoin any person from investigating, threatening to investigate, or recommending investigation of possible violations thereof based on *nonexpressive conduct*, i.e. conduct that is not speech.

This court clarifies its preliminary injunction order as to Canon 7(B)(1) as follows:

- The persons described in said order are enjoined from sanctioning, threatening to sanction, investigating or threatening to investigate any judicial candidate, not merely O'Neill, for nondefamatory, nonobscene speech.
- Said order does not enjoin anyone from sanctioning, threatening to sanction, investigating or threatening to investigate any judicial candidate for defamatory speech, obscene speech, or non-speech conduct.

The court sets a case management conference for **Friday, January 27, 2006 at 10:00 a.m.** in Chambers 17B, U.S. Court House, 801 W. Superior Avenue, Cleveland, Ohio 44113.

The agenda for the conference shall include:

-4-

(1) Determination of track assignment;

(2) Determination of whether the case is suitable for reference to an ADR program;

(3) Determination of whether the parties consent to the jurisdiction of a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c);

(4) Voluntary Disclosure of discovery information, including key documents and witness identification;

(5) Determination of the type and extent of discovery;

(6) Setting a deadline beyond which no pleadings may be amended to add new parties, claims, or counterclaims;

(7) Setting of discovery cut-off date;

(8) Setting of deadline for filing motions; and

(9) Scheduling of the final pre-trial conference and backup trial date.

As provided by Local Rule 16.3(b)(3), counsel for the parties should engage in meaningful discussions about these agenda items with the goal of reaching an agreement on these issues prior to the conference.

IT IS SO ORDERED.

   /s/ Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: December 13, 2005**