UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM M. O'NEILL, | ) | Case No.: 1:04 CV 1612 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| JOHNATHAN E. COUGHLAN, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

Pending before the court in the above-captioned case is Plaintiff William O'Neill's ("Plaintiff") Motion for Leave to File Additional Authority, *instanter*, (ECF No. 99), and Motion to Alter/Amend Judgment (ECF No. 101). The court grants Plaintiff's Motion for Leave to File Additional Authority (ECF No. 99) and has considered that additional authority in reaching its decision herein. For the following reasons, the court denies Plaintiff's Motion to Alter/Amend Judgment (ECF No. 101).

## **I. FACTUAL AND PROCEDURAL HISTORY**

In 2004, Plaintiff was a candidate for Associate Justice of the Ohio Supreme Court. (ECF No. 1.) During Plaintiff's campaign, then Chairman of the Cuyahoga County Republican Party Jim Trakas ("i notTrakas") filed a grievance against Plaintiff with the Office of the Disciplinary Counsel for the Supreme Court of Ohio. (*Id*.) In his grievance, Trakas alleged that Plaintiff's campaign literature violated several Canons of the Ohio Code of Judicial Conduct ("Code"). (*Id*.) Plaintiff sued Defendant Johnathan Coughlan, the Disciplinary Counsel for the Supreme Court of Ohio

("Defendant") and sought an injunction against Defendant to prevent the enforcement of the Code's Canons 7(B)(3)(b), 7(B)(1), and 7(D)(2), ("Canons"). (*Id*.) Plaintiff argued that these Canons violated the First and Fourteenth Amendments of the U.S. Constitution, and thus, were void on their face and as applied to him. (*Id*.) The case was originally assigned to Judge Ann Aldrich, but was reassigned to Chief Judge Solomon Oliver, Jr. on June 30, 2010.

### A. District Court's Preliminary Injunction

On September 14, 2004, this court granted Plaintiff's Motion for Preliminary Injunction (ECF No. 14).  On January 26, 2007, this court granted summary judgment in favor of Plaintiff finding that the Canons were unconstitutional under the First Amendment, (ECF No. 58.), and converted the preliminary injunction into a permanent injunction. (ECF No. 59.) Plaintiff then filed his Motion to recover Attorney's Fees and Costs. (ECF No. 60.) This court stayed consideration of Plaintiff's Motion pending the outcome of Defendant's appeal to the Sixth Circuit. (ECF No. 68.)

### B. Court of Appeal's Dissolution of Preliminary Injunction

On January 9, 2008, the Sixth Circuit dissolved the permanent injunction and vacated the judgment.  On November 19, 2008, the U.S. Supreme Court denied Plaintiff's Petition for Writ of Certiorari. (ECF No. 75.) Further, the Disciplinary Counsel dismissed its investigation of Plaintiff's campaign literature. On December 9, 2008, Plaintiff renewed his Motion for Summary Judgment. (ECF No. 76).  On January 15, 2009, Defendant filed his opposition to Plaintiff's Motion for Summary Judgment; and additionally, filed a Motion to Dismiss the Case Without Prejudice (ECF Nos. 80 and 81.) On March 24, 2010, this court granted Defendant's Motion to Dismiss and denied as moot Plaintiff's Renewed Motion for Summary Judgment. (ECF No. 89.)

**C. Motions and Court Order Regarding Attorney Fees**

On April 7, 2010, Plaintiff filed a Renewed Motion for Attorney's Fees and Costs (ECF No. 90), and a Supplemental Motion for additional fees on May 10, 2010. (ECF No. 95.) On August 11, 2010, Plaintiff filed a motion for leave to file additional authority *instanter*, to support his Motion for Attorney's Fees and Costs. (ECF No. 99.) In this Motion, Plaintiff argues that his case is governed by *McQuaery v. Conway*, 614 F.3d 591 (6th Cir. 2010), a recent Sixth Circuit case addressing a claimant's ability to recover attorney's fees and costs when a preliminary injunction is involved. *Id*. One day later, on August 12, 2010, this court denied Plaintiff's renewed motion and supplemental motions for fees, (ECF Nos. 90 and 95), because Plaintiff had not obtained a valid and enforceable final judgment on any of his claims, was not a "prevailing party" under 42 U.S.C. §1988(b), and thus, was not entitled to attorney's fees and costs. (ECF No. 100.) In response to this court's order denying Plaintiff's motions, Plaintiff filed a Motion to Alter/Amend Judgment on August 16, 2010. (ECF No. 101.) In said Motion, he requested that the court consider the authority which he had earlier proffered to the court. (*Id*.) On August 23, 2010, Defendant filed his opposition to Plaintiff's Motion to Alter/Amend Judgment. (ECF No. 102.) On September 2, 2010, Plaintiff filed his reply to Defendant's opposition. (ECF No. 103.)

**II. LEGAL ANALYSIS**

The question before the court is whether, in light of recent Sixth Circuit case law, Plaintiff is a "prevailing party" under 42 U.S.C. §1988(b) in order to qualify for attorney's fees and costs.

Under the Civil Rights Attorney's Fees Award Act, a "court in its discretion, may allow the prevailing party . . . reasonable attorney's fee as part of the costs . . .". 42 U.S.C. §1988(b). A claimant is considered a "prevailing party" if a judgment is rendered in his favor regardless of the

amount of damages awarded. *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). "Only an enforceable judgment on merits or a court-ordered consent decree can serve as the basis for prevailing party status, and, thus, an award of attorney fees." *Ken-N.K., Inc. v. Vernon Township*, 18 F. App'x 319, 328 (6th Cir. 2001)(citing *Buckhannon*, 531 U.S. 598).

In *McQueary v. Conway*, 614 F.3d 591, plaintiff brought a First Amendment challenge to a Kentucky statute barring protests at military funerals. The plaintiff filed a lawsuit in federal court asking the court to declare portions of the statute unconstitutional and to enjoin the state from enforcing these portions. *Id*. at 595. The federal court issued a preliminary injunction to prevent state enforcement. *Id*. Six months later, the Kentucky legislature repealed the challenged portions of the statute. *Id*. In response, the federal court dismissed the plaintiff's lawsuit as moot and denied the plaintiff's request for attorney's fees under §1988(b). *Id*. at 597. The plaintiff appealed. The Sixth Circuit reversed and remanded the case to the federal court to determine whether plaintiff was entitled to attorney's fees based on its opinion. *Id*. at 605.

The Sixth Circuit held that, in general, a preliminary injunction granted in favor of a claimant "usually will not suffice to [make claimant a "prevailing party" and] obtain fees under §1988" unless certain circumstances apply. *Id*. at 605. The Sixth Circuit determined that a court must undertake a "contextual and case-specific inquiry" to determine whether circumstances exist that warrant awarding claimant attorney's fees and costs. *Id*. at 601. The Sixth Circuit noted several principles that guide this inquiry. First, the claimant seeking attorney fees must have obtained a beneficial material change in the legal relationship between himself and the other party. *Id*. at 598. *See Sole v. Wyner*, 551 U.S. 74, 86 (2007). A beneficial material change is one in which the other party is

forced to alter his behavior in a way that benefits the claimant. *Id*. *See also*, *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). The other party's voluntary change in behavior, even if precipitated by threat of judicial action, is not considered a change in the legal relationship between the two parties. *Buckhannon*, 532 U.S. at 601-602. Thus, a claimant will only receive a "prevailing party" status if the change in the legal relationship is a result of a judgment rendered in his favor. *Id*. at 603. Second, §1988 "prevailing party" status requires "lasting relief not the temporary, 'fleeting success' such an injunction represents." *McQueary*, 614 F.3d at 597 (quoting *Sole*, 551 U.S. at 83). A claimant can not recover attorney fees if his preliminary injunction has been "reversed, dissolved, or otherwise undone by the final decision in the same case." *Id*. (quoting *Sole*, 551 U.S. at 83).

The *McQuaery* opinion recognized that these principles do not take into account instances when the claimant receives everything he asked for in the lawsuit and all that moots the case is court-ordered success and passage of time. *Id*. at 599 (quotation marks omitted.) The Sixth Circuit explained:

> When protestors seek an injunction to exercise their First Amendment rights at a specific time and place – say to demonstrate at a Saturday parade – a preliminary injunction will give them all the court-ordered relief they need and the end of the parade will moot the case. In what way are such claimants not prevailing parties? We think they are.

*Id*. at 599.

Thus the *McQuaery* opinion determined that a preliminary injunction, in limited circumstances, can fulfill the second guiding principle for §1988(b) "prevailing party" status – the enduring nature of the court-ordered relief– if the injunction affords the claimant all the relief he originally sought and the case is dismissed due to mootness. *Id*. Thus under *McQuaery*, a court performing this contextual and case-specific inquiry must determine: (1) whether the injunction

created a material change in the legal relationship between the parties that benefits the claimant seeking attorney's fees and costs; and (2) whether the injunction can be considered "lasting relief" because it either is the final court-ordered judgment, *see Sole*, 551 U.S. at 83, or brings about all the relief the claimant originally sought and is dismissed due to mootness. *McQuaery*, 614 F.3d at 599.

The court's judgment granting preliminary and permanent injunctive relief to Plaintiff meets the first principle because it brought a material change in the legal relationship between Plaintiff and Defendant. At issue here is the second principle, if the preliminary and permanent injunctions provided Plaintiff with "lasting relief" despite the Sixth Circuit's judgment that ultimately dissolved the injunctions. The court determines that it does not.

Plaintiff argues that his injunction "preceded an actual victory on the merits" because the injunction enabled him to run for office twice without fear of Defendant's disciplinary sanctions. (ECF No. 99.) If this was all the relief Plaintiff originally sought, then arguably Plaintiff might be deemed to have received "lasting" relief under the *McQueary* inquiry. Yet Plaintiff sought more relief than this. He moved for and received a permanent injunction against Defendant. Plaintiff's relief, to permanently enjoin Defendant, was cut short by the injunction's dissolution by the Sixth Circuit on the grounds that the district court should have abstained from granting the injunction. *O'Neill v. Coughlan*, 511 F.3d 638 (6th Cir. 2008). Thus, Plaintiff's case differs decisively from *McQueary* where an injunction was no longer necessary to ensure Plaintiff's relief. Plaintiff does not have "lasting relief" since he did not receive all the relief he sought originally due to the dissolution of the injunction. As a result, Plaintiff is not a "prevailing party" under 42 U.S.C. §1988(b) and is not entitled to attorney's fees and costs.

### III. CONCLUSION

For the foregoing reasons, the court denies Plaintiff's motion to alter/amend the court's August 12, 2010 order denying Plaintiff's renewed motion and supplemental motion for attorney's fees and costs. (ECF No. 101.)

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

March 31, 2011